

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| VISTO CORPORATION, | § | |
| | § | Case No. 2 - 0 6 C V - 3 9 |
| Plaintiff, | § | |
| | § | |
| v | § | |
| | § | **Jury Trial Demanded** |
| GOOD TECHNOLOGY, INC., | § | |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Visto Corporation ("Visto") alleges as follows for its Complaint against Defendant Good Technology, Inc. ("Good"):

### PARTIES

1. Visto is a corporation organized and existing under the laws of the State of Delaware with a place of business at 275 Shoreline Drive, Suite 300, Redwood Shores, California 94065.

2. Good is a corporation organized and existing under the laws of the State of Delaware with a place of business at 4250 Burton Drive, Santa Clara, California 95054, which is doing business and infringing Visto's patents in the Eastern District of Texas and elsewhere in the United States.

### JURISDICTION AND VENUE

3. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*

4. This Court has subject matter jurisdiction over this action pursuant to 28

Page 1

U.S.C. § 1331 and 28 U.S.C. § 1338(a).

5.     Upon information and belief, Good has sufficient contacts with the Eastern District of Texas to subject it to the personal jurisdiction of this Court for purposes of this Complaint, including, without limitation, acts of infringement of Visto's patents committed by Good within this District.

6.     Venue is proper in the Marshall Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b)-(c) and 28 U.S.C. § 1400(b).

## GENERAL ALLEGATIONS

7.     Established in 1996, Visto is a leading provider of personal and corporate wireless messaging solutions to mobile operators for personal and corporate use. Visto's inventions enable the deployment of a complete mobility solution, which provides secure access to and synchronization of the most widely used personal information management ("PIM") data over any network and on a broad array of mobile devices, such as personal digital assistants ("PDAs"), smartphones, and the like. Visto has expended considerable resources in inventing and developing its inventions and protecting its rights therein.

8.     Visto holds all right, title, and interest in and to United States Patent No. 5,961,590, entitled "System And Method For Synchronizing Electronic Mail Between A Client Site And A Central Site" ("'590 patent"), which was duly and properly issued by the U.S. Patent & Trademark Office ("USPTO") on October 5, 1999 in the name of Daniel J. Mendez et al. A copy of the '590 patent is attached as Exhibit A to this Complaint.

9.     Visto holds all right, title, and interest in and to United States Patent No. 6,085,192, entitled "System And Method For Securely Synchronizing Multiple Copies Of A Workspace Element In A Network" ("'192 patent"), which was duly and properly issued by the

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

USPTO on July 4, 2000 in the name of Daniel J. Mendez et al. A copy of the '192 patent is attached as Exhibit B to this Complaint. A Reexamination Certificate for the '192 patent was duly and properly issued by the USPTO on November 22, 2005. A copy of the Reexamination Certificate of the '192 patent is attached as Exhibit C to this Complaint.

10. Visto holds all right, title, and interest in and to United States Patent No. 6,151,606, entitled "System And Method For Using A Workspace Data Manager To Access, Manipulate And Synchronize Network Data" ("'606 patent"), which was duly and properly issued by the USPTO on November 21, 2000 in the name of Daniel J. Mendez. A copy of the '606 patent is attached as Exhibit D to this Complaint.

11. Visto holds all right, title, and interest in and to United States Patent No. 6,708,221, entitled "System And Method For Globally And Securely Accessing Unified Information In A Computer Network" ("'221 patent"), which was duly and properly issued by the USPTO on March 16, 2004 in the name of Daniel J. Mendez et al. A copy of the '221 patent is attached as Exhibit E to this Complaint. The '590 patent, '192 patent, '606 patent, and '221 patent are hereinafter referred to collectively as the "Patents-in-Suit".

12. Good provides products and services that enable access to and/or synchronization of data in secure network environments (collectively, the "Accused Products").

13. Good directly infringes the Patents-in-Suit by importing, manufacturing, using, marketing, distributing, selling, and/or supporting the Accused Products. In addition, Good contributorily infringes and/or actively induces infringement of the Patents-in-Suit.

14. Upon information and belief, Good's infringement of the Patents-in-Suit has been and continues to be willful.

## COUNT I
### Infringement of U.S. Patent No. 5,961,590

15.     Visto incorporates paragraphs 1 through 14 as though fully restated herein.

16.     Good has infringed and continues to infringe the '590 patent in this District and elsewhere in the United States by Good's manufacture, importation, sale, offering for sale, and/or use of the Accused Products without authority or license of Visto.

17.     Good has contributorily infringed and/or induced others to infringe and continues to contributorily infringe and/or to induce others to infringe the '590 patent in this District and elsewhere in the United States by Good's manufacture, importation, sale, offering for sale, and/or use of the Accused Products without authority or license of Visto.

18.     Upon information and belief, Good's infringement of the '590 patent has been and continues to be willful.

19.     Good's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Visto for which Visto has no adequate remedy at law. Unless preliminarily and permanently enjoined by this Court, Good will continue to so infringe the Patents-in-Suit.

## COUNT II
### Infringement of U.S. Patent No. 6,085,192

20.     Visto incorporates paragraphs 1 through 19 as though fully restated herein.

21.     Good has infringed and continues to infringe the '192 patent in this District and elsewhere in the United States by Good's manufacture, importation, sale, offering for sale, and/or use of the Accused Products without authority or license of Visto.

22.     Good has contributorily infringed and/or induced others to infringe and continues to contributorily infringe and/or to induce others to infringe the '192 patent in this

District and elsewhere in the United States by Good's manufacture, importation, sale, offering for sale, and/or use of the Accused Products without authority or license of Visto.

23. Upon information and belief, Good's infringement of the '192 patent has been and continues to be willful.

24 Good's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Visto for which Visto has no adequate remedy at law. Unless preliminarily and permanently enjoined by this Court, Good will continue to so infringe the Patents-in-Suit.

### COUNT III
### Infringement of U.S. Patent No. 6,151,606

25. Visto incorporates paragraphs 1 through 24 as though fully restated herein.

26. Good has infringed and continues to infringe the '606 patent in this District and elsewhere in the United States by Good's manufacture, importation, sale, offering for sale, and/or use of the Accused Products without authority or license of Visto.

27. Good has contributorily infringed and/or induced others to infringe and continues to contributorily infringe and/or to induce others to infringe the '606 patent in this District and elsewhere in the United States by Good's manufacture, importation, sale, offering for sale, and/or use of the Accused Products without authority or license of Visto

28. Upon information and belief, Good's infringement of the '606 patent has been and continues to be willful

29. Good's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Visto for which Visto has no adequate remedy at law. Unless preliminarily and permanently enjoined by this Court, Good will continue to so infringe the Patents-in-Suit.

Page 5

## COUNT IV
### Infringement of U.S. Patent No. 6,708,221

30. Visto incorporates paragraphs 1 through 29 as though fully restated herein.

31. Good has infringed and continues to infringe the '221 patent in this District and elsewhere in the United States by Good's manufacture, importation, sale, offering for sale, and/or use of the Accused Products without authority or license of Visto.

32. Good has contributorily infringed and/or induced others to infringe and continues to contributorily infringe and/or to induce others to infringe the '221 patent in this District and elsewhere in the United States by Good's manufacture, importation, sale, offering for sale, and/or use of the Accused Products without authority or license of Visto

33. Upon information and belief, Good's infringement of the '221 patent has been and continues to be willful.

34. Good's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Visto for which Visto has no adequate remedy at law. Unless preliminarily and permanently enjoined by this Court, Good will continue to so infringe the Patents-in-Suit.

### PRAYER FOR RELIEF

WHEREFORE, Visto prays:

1. That Good and its parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, be preliminarily and permanently enjoined and restrained from making, importing, using, offering for sale, selling, or causing to be sold any product falling within, or designed to conduct a method falling within, the scope of any claim of the Patents-in-Suit, or otherwise infringing or contributing to or inducing infringement of any

Page 6

claim of the Patents-in-Suit;

       2.     That Good and its parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, be ordered to destroy or offer up to Visto for destruction any and all products within the scope of any claim of the Patents-in-Suit that are within Good's possession, custody, or control;

       3.     That Visto be awarded its actual damages, including lost profits and price erosion, but in no case less than a reasonable royalty, to be assessed by or under the Court's discretion, adequate to compensate Visto for Good's infringement of the Patents-in-Suit;

       4.     That Visto be awarded pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

       5.     That the Court order an accounting for damages;

       6.     That the Court declare this to be an exceptional case pursuant to 35 U.S.C. § 285 and award Visto its attorneys' fees;

       7.     That the Court award enhanced damages pursuant to 35 U.S.C. § 284 due to the willful and wanton nature of Good's infringement of the Patents-in-Suit;

       8.     That Visto be awarded costs of court; and

       9.     That Visto be awarded such other and further relief as the Court deems just and proper.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Visto demands a trial by jury on all issues triable of right by a jury.

DATED: January 30, 2006

Respectfully submitted,

Sam F. Baxter, Attorney-in-Charge
State Bar No. 01938000
McKOOL SMITH, P.C.
505 East Travis Street, Suite 105
Marshall, TX 75670
Telephone: (903) 927-2111
Facsimile: (903) 927-2622

Of Counsel:

Ronald S. Katz
Robert D. Becker
J. Bruce McCubbrey
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA  94304
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

*Attorneys for Plaintiff*
VISTO CORPORATION

20151154.2