# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| VISTO CORPORATION | § | |
| Vs. | § | CIVIL ACTION NO. 2:05-CV-91 |
| SMARTNER INFORMATION SYSTEMS, LTD. | § | |

## ORDER

This order resolves the parties' claim construction disputes. The court has applied the claim construction principles set forth by the Federal Circuit in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005).

1.      The court previously issued two claim construction orders in *Visto Corporation v. Seven Networks, Inc.,* 2:03-CV-333 (E.D. Tex.), construing the same patents that are at issue in this suit. The defendant in this case contends that the court should revisit certain constructions adopted in that case. The plaintiff argues that the defendant should be estopped from re-litigating those constructions. The court declines to apply the doctrine of collateral estoppel. Nevertheless, the court adopts its prior claim construction rulings because the court remains persuaded that its constructions of the terms were correct.

2.      Notwithstanding the court's prior orders, certain terms have not been construed. The court will now turn to those issues.

        A.      Global firewall

Visto seeks to construe this term to mean "software and/or hardware for protecting a global

server against external threats, such as hackers, coming from another network, such as the Internet."

Smartner seeks to define the term to mean "a firewall that protects the global server." The court

adopts Visto's construction because it is more consistent with the court's previous construction of

firewall.

> B.      Communicating

Visto seeks to construe this term as "transmitting or transferring information." Smartner

seeks a construction that limits the term to "using Hyper Text Transfer Protocol." The court adopts

Visto's proposed construction. The court also incorporates the holding in the Memorandum Opinion

and Order dated December 19, 2006 in *Visto Corporation v. Seven Networks, Inc.*, 2:03-CV-333

(E.D. Tex.). There, the court determined that claim 11 of the '192 patent, which required "one of

an HTTP and SSL port," required the accused products to communicate using the relevant protocol.

> C.      Synchronizing

Visto seeks to construe this term as "providing for data consistency." Smartner seeks a

definition of the term to mean "providing for data consistency *by reconciling workspace elements*

*to have all the same information at the same time*." As reflected by the proposed constructions, the

parties agree that synchronization provides for data consistency. In addition, during prosecution,

Visto stated that language in the Cardinal reference, U.S. Patent No. 5,799,318, "defines

synchronization." The court has reviewed that reference and concludes that the description of

synchronization provided in that patent is consistent with the meaning of the term in the patents-in-

suit. The Cardinal patent states "[s]ynchronization refers to a process by which a user reconciles

modifications to stored information." '318 patent, col. 16, ll. 18-19. Accordingly, the court

construes the term to mean "providing for data consistency by reconciling modifications to stored

information."

    D.      Firewall positioned between a trusted network and the Internet

This term needs no construction, other than the court's prior construction of "firewall."

    E.      Other issues

The court declines to revisit the other terms advocated by Smartner at oral argument on this matter, including "independently modifiable copy," "workspace element," and "store." The court remains persuaded that its previous constructions were correct and that no further constructions are warranted.

3.      The parties are ordered that they may not refer, directly or indirectly, to each other's claim construction positions in the presence of the jury. Likewise, the parties are ordered to refrain from mentioning any portion of this opinion, other than the actual definitions adopted by the court, in the presence of the jury. Any reference to claim construction proceedings is limited to informing the jury of the definitions adopted by the court.

    SIGNED this 29th day of December, 2006.

_____

T. JOHN WARD
UNITED STATES DISTRICT JUDGE