# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Visto Corporation,<br><br>             Plaintiff,<br><br>   vs.<br><br>Good Technology, Inc.<br><br>             Defendant. | § § § § § § § § § § § §<br><br>Civil Action No. 2:06-CV-039 (TJW)<br><br>**JURY DEMANDED** |

**<u>Patent Rule 4-3 Joint Claim Construction and Pre-Hearing Statement</u>**

Consistent with P.R. 4-2(c), and in the interest of narrowing the claim construction issues before the Court, Visto has withdrawn certain claims from its infringement contentions, narrowing the claims it is asserting in this action against Good Technology to the following:

U.S. Patent 6,085,192: Claims 1, 2, 8, 10, 11, 17, 21, and 22

U.S. Patent 6,708,221: Claims 8, 11, and 13

U.S. Patent 6,151,606: Claims 10, 11, 19, 20, and 21

U.S. Patent 7,039,679: Claims 1, 3, 4, 5, 7, 8, 9, 11, 12, 13, 15, 16, 17, and 18[1]

Based on these revised infringement allegations and pursuant to Patent Rule 4-3, the Court's Docket Control Order dated November 17, 2006 (*see* Docket #29), and the parties' Agreed Motions for Extension of Time to Comply with P.R. 4-3 filed July 10,

---

[1] Visto reserves the right to assert any or all claims of the Patents-in-Suit against any other products or combinations of products made, used, offered for sale, sold, or imported into the United States by Good or other related parties not currently accused in Visto's infringement contentions. Likewise, Good reserves its right to assert that any and all claims of the Patents-in-Suit are invalid.

2007 and July 25, 2007 (*see* Docket #72 and 77), the parties submit this joint claim construction statement and pre-hearing statement:

**(a)** **<u>Agreed Constructions</u>**

The parties have agreed on the constructions of many of the claim terms and phrases of the Visto patents-in-suit. Visto believes that the Court should adopt the constructions from the *Visto Corporation v. Seven Networks, Inc.* and *Visto Corporation v. Smartner Information Systems, Ltd.* cases for the same claims asserted in the present action. [*See* Civil Action No. 2:03-CV-333-TJW, Docket Nos. 145 & 340, and Civil Action No. 2:05-CV-091-TJW, Docket No. 132]. These orders are attached as Exhibit A, Exhibit B and Exhibit C. Good requests that three of the constructions from the previous orders be clarified as set forth in the attached charts, but otherwise has reached agreement with Visto on the majority of these terms.

A chart identifying the agreed upon claim constructions from Judge Ward's orders is attached as Exhibit D.

Additionally, the parties agree that the following claim terms from the Visto patents-in-suit should be construed as follows:

| Term | Claims | Agreed Construction |
|---|---|---|
| smart-phone device | '679: 1, 7, 11, 15 and 18 | A telephone device that integrates computing capabilities and telephone capabilities. |
| the server | '221: 13 | The global server: A server accessible from remote locations which stores independently modifiable copies of selected portions of workspace data. |

| | | |
|---|---|---|
| means for storing at the server version-indicating information corresponding to the differences | '221: 13 | *Corresponding Structure: General synchronization modules 410 and 825, content-based synchronization module 830. The data storage device 350 on the global server is also necessary structure (Fig. 3).* |
| means for initiating a communications channel with the remote site | '606: 20 | *Corresponding Structure: Communications module 705.* |
| means for disabling the untrusted client site from accessing at least a portion of the downloaded data after a user has finished using the data | '606: 20 | *Corresponding Structure: Deinstantiator 745.* |

**(b)** **Disputed Claim Terms**

Good's proposed constructions for each disputed claim term, as well as its identification of supporting evidence, is set forth in Exhibit E. Visto's proposed constructions for each disputed claim term, as well as its identification of supporting evidence, is set forth in Exhibit F.

**(c)** **Time for Claim Construction Hearing**

The parties believe that 6 hours will be sufficient for the claim construction hearing.

**(d)** **Witnesses**

Neither party intends to call any witnesses.

**(e)** **Other Issues**

The parties are not aware of any other issues that should be taken up at a pre-hearing conference before the claim construction hearing.

Dated: August 1, 2007        Respectfully submitted,

By:   /s/ J. David Hadden w/permission

J. David Hadden, Calif. Bar No. 176148
(Admitted *Pro Hac Vice*)
Michael J. Sacksteder, Calif. Bar No. 191605
(Admitted *Pro Hac Vice*)
Hector J. Ribera, Calif. Bar No. 221511
(Admitted *Pro Hac Vice*)
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Tel: (650) 988-8500
Fax: (650) 938-5162
E-mail: dhadden@fenwick.com

**Of counsel:**

Blake C. Erskine, Bar No. 06649000
ERSKINE & MCMAHON, LLP
Post Office Box 3485
Longview, TX  75606-3485
Tel: (903) 757-8435
Fax: (903) 757-9429
E-mail: BlakeE@erskine-mcmahon.com

Attorneys for DEFENDANT
GOOD TECHNOLOGY, INC.

4

DATED: August 1, 2007          By:  /s/ Sam Baxter

        Sam F. Baxter, Lead Attorney
        TX Bar No. 0193800
        sbaxter@mckoolsmith.com
        Theodore Stevenson III
        TX Bar No. 19196650
        tstevenson@mckoolsmith.com
        MCKOOL SMITH, P.C.
        P. O. Box O
        Marshall, Texas 75671
        Telephone: (903) 927-2111
        Fax: (903) 927-2622

        Of Counsel:
        Ronald S. Katz, CA Bar No. 085713
        rkatz@manatt.com
        Robert D. Becker, CA Bar No. 160648
        rbecker@manatt.com
        MANATT, PHELPS & PHILLIPS, LLP
        1001 Page Mill. Road, Bldg. 2
        Palo Alto, CA 94304
        Telephone: (650) 812-1300
        Fax: (650) 213-0260

        Attorneys for PLAINTIFF
        VISTO CORPORATION

**Exhibit D**

The following chart identifies the agreed upon claim constructions from Judge Ward's orders.

| Claim Term | Asserted Claim Term Is In | Judge Ward's Prior Construction |
|---|---|---|
| communications channel | '192: 1, 10 and 22<br>'606: 20 and 21 | A medium for transferring information. A communications channel can be a physical or wireless link. |
| firewall | '192: 1, 2, 8, 10, 11, 21 and 22<br>'679: 1 | Software and/or hardware for protecting an organization's network against external threats, such as hackers, coming from another network, such as the Internet. |
| HTTP port | '192: 1 and 10 | Any port that is used to transfer information or communicate using Hyper Text Transfer Protocol (HTTP)[1] |
| SSL port | '192: 1 and 10<br>'679: 3 | Any port that is used to transfer information or communicate using Secure Sockets Layer (SSL) protocol. |
| workspace element | '192: 1, 2, 8, 10, 17, 21 and 22 | A subset of workspace data such as an e-mail, file, bookmark, calendar, or applications program which may include version information.<br>(The parties agree that this construction applies to the term "workspace element" used in the phrase "first workspace element.") |
| store | '192: 1, 2, 8, 10, 21 and 22 | A storage location for data that may reside on any type of memory device. (The parties agree that this construction applies to the term "store" used in the phrases "first store" and "second store.") |

---

[1] In *Visto Corporation v. Seven Networks, Inc.,* Civil Action No. 2:03-CV-333-TJW, Docket No. 340, the Court construed the term "HTTP port and SSL port." However, the parties believe that these terms should be construed separately.

**Exhibit F**

The following table sets forth Visto's proposed constructions for each disputed claim term from the Visto patents-in-suit, as well as its identification of supporting evidence. By statute, the means-plus-function limitations identified herein are construed to cover the structure(s) identified in the specification and equivalents thereof.

| Term | Asserted Claim Term Is In | Visto's Proposed Construction | Supporting Evidence |
|---|---|---|---|
| order of the steps of method claims | '192: 1, 2, 8 and 22 | *Visto contends there is no requirement for the order of the steps of method claims except as expressly set forth in the claims.* | Intrinsic Evidence:<br><br>Visto identifies the claims themselves and the prosecution history(ies) of the corresponding patent(s).<br><br>Extrinsic evidence:<br><br>Visto identifies Judge Ward's Claim Construction Orders in *Visto Corporation v. Seven Networks, Inc.,* Civil Action No. 2:03-CV-333-TJW, Docket Nos. 145 & 340; Visto's Opening Claim Construction Brief and Exhibits and Reply Brief in *Visto Corporation v. Seven Networks, Inc.,* Civil Action No. 2:03-CV-333-TJW ; and Visto's Supplemental Claim Construction Brief and Exhibits in *Visto Corporation v. Seven Networks, Inc.,* Civil Action No. 2:03-CV-333-TJW. |

| Term | Asserted Claim Term Is In | Visto's Proposed Construction | Supporting Evidence |
|---|---|---|---|
| | | | Visto also identifies the claims themselves and the prosecution history(ies) of the corresponding patent(s).<br><br>Extrinsic evidence:<br><br>Visto identifies Judge Ward's Claim Construction Orders in *Visto Corporation v. Seven Networks, Inc.,* Civil Action No. 2:03-CV-333-TJW, Docket Nos. 145 & 340; Visto's Opening Claim Construction Brief and Exhibits and Reply Brief in *Visto Corporation v. Seven Networks, Inc.,* Civil Action No. 2:03-CV-333-TJW; Visto's Supplemental Claim Construction Brief and Exhibits in *Visto Corporation v. Seven Networks, Inc.,* Civil Action No. 2:03-CV-333-TJW. |
| server | '679: 4, 8, 12, and 16 | A computer that provides services to another computer. | Intrinsic Evidence:<br><br>'679 patent, col. 2, ll. 57-58: "A client stores a first set of workspace data, and is coupled via a computer network to a global server."<br><br>Visto also identifies the claims themselves and the prosecution history(ies) of the corresponding patent(s).<br><br>Extrinsic: |

| Term | Asserted Claim Term Is In | Visto's Proposed Construction | Supporting Evidence |
|---|---|---|---|
| | | | Microsoft Computer Dictionary, 4th edition, p. 404<br><br>"**server** n. 2. On the Internet or other network, a computer or program that responds to commands from a client…."<br><br>Extrinsic evidence:<br><br>Visto identifies Judge Ward's Claim Construction Orders in *Visto Corporation v. Seven Networks, Inc.,* Civil Action No. 2:03-CV-333-TJW, Docket Nos. 145 & 340; Visto's Opening Claim Construction Brief and Exhibits and Reply Brief in *Visto Corporation v. Seven Networks, Inc.,* Civil Action No. 2:03-CV-333-TJW; Visto's Supplemental Claim Construction Brief and Exhibits in *Visto Corporation v. Seven Networks, Inc.,* Civil Action No. 2:03-CV-333-TJW.<br><br>Visto identifies the following dictionaries and publications as extrinsic evidence that Visto may rely on: Webster's 10th New Collegiate Dictionary; Dictionary of Computer and Internet Terms, 6th Ed., 1998; Microsoft Press Computer Dictionary, 3rd Ed., 1997. |

22

| Term | Asserted Claim Term Is In | Visto's Proposed Construction | Supporting Evidence |
|---|---|---|---|
| | | | Visto also identifies the following references from the dictionaries and publications as extrinsic evidence that Visto may rely on: Microsoft Press Computer Dictionary, 3rd Ed., 1997, p. 430; Dictionary of Computer and Internet Terms, 6th Ed., 1998; Webster's 9th New Collegiate Dictionary, 1991; and Ira Brodsky, Wireless Computing, A Manager's Guide to Wireless Networking, 1997. |
| normally open LAN firewall port | '679: 1 and 3 | A port that is typically configured to be open for packet traffic in a firewall, such as ports 80 and 443. | Intrinsic Evidence:<br><br>'679 patent, col. 10, ll. 39-54: "The communications module 805 includes routines for compressing data, and routines for communicating via the communications interface 710 (FIG. 7) with the synchronization agent 145 (FIG. 1). The communications module 805 may include routines for applying Secure Socket Layer (SSL) technology and user identification and authentication techniques (i.e., digital certificates) to establish a secure communication channel through the LAN firewall 135 and through the global firewall 130. Because synchronization is initiated from within the LAN firewall 135 and uses commonly enabled protocols such as HyperText Transfer Protocol (HTTP), the typical firewall 135 which prevents in-bound communications in general and some outbound protocols does not act as an |

| Term | Asserted Claim Term Is In | Visto's Proposed Construction | Supporting Evidence |
|---|---|---|---|
| | | | and publications as extrinsic evidence that Visto may rely on: Microsoft Press Computer Dictionary, 3rd Ed., 1997, p. 197; Dictionary of Computer and Internet Terms, 6th Ed., 1998; Webster's 9th New Collegiate Dictionary, 1991; and Ira Brodsky, Wireless Computing, A Manager's Guide to Wireless Networking, 1997. |
| a first Internet communication channel… | '679: 1 | *Does not need separate construction. See constructions for "Internet" and "communications channel."*<br><br>Internet: A network that connects other networks, such as corporate, university, and government networks. | Intrinsic Evidence:<br><br>Internet:<br><br>Visto identifies the claims themselves and the prosecution history(ies) of the corresponding patent(s).<br><br>Extrinsic evidence:<br><br>Internet:<br><br>Visto identifies Judge Ward's Claim Construction Orders in *Visto Corporation v. Seven Networks, Inc.,* Civil Action No. 2:03-CV-333-TJW, Docket Nos. 145 & 340; Visto's Opening Claim Construction Brief and Exhibits and Reply Brief in *Visto Corporation v. Seven Networks, Inc.,* Civil Action No. 2:03-CV-333-TJW; Visto's Supplemental Claim Construction Brief and Exhibits in *Visto Corporation v. Seven* |

25


| Term | Asserted Claim Term Is In | Visto's Proposed Construction | Supporting Evidence |
|---|---|---|---|
| | | | *Networks, Inc.,* Civil Action No. 2:03-CV-333-TJW.<br><br>Visto identifies the following dictionaries and publications as extrinsic evidence that Visto may rely on: Webster's 10th New Collegiate Dictionary; Dictionary of Computer and Internet Terms, 6th Ed., 1998; Microsoft Press Computer Dictionary, 3rd Ed., 1997.<br><br>Visto also identifies the following references from the dictionaries and publications as extrinsic evidence that Visto may rely on: Microsoft Press Computer Dictionary, 3rd Ed., 1997; Dictionary of Computer and Internet Terms, 6th Ed., 1998; Webster's 9th New Collegiate Dictionary, 1991; and Ira Brodsky, Wireless Computing, A Manager's Guide to Wireless Networking, 1997. |
| a plurality of second Internet communication channels, each coupling said global server to a respective one of said smartphone devices… | '679: 1 | *Visto contends that the plain meaning of the phrase is apparent with the adoption Visto's proposed construction for "Internet communication channel" and the Court's previous constructions for "global server", "smartphone", and "device" from Visto Corporation v. Seven Networks, Inc.,* Civil Action No. 2:03-CV-333-TJW. | *See supporting evidence for "a first Internet communication channel."* |
| workspace data | '606: 10, 11 and | A program that allows workspace data | Intrinsic Evidence: |