# EXHIBIT 10

```
 1                IN THE UNITED STATES DISTRICT COURT
                   FOR THE EASTERN DISTRICT OF TEXAS
 2                         MARSHALL DIVISION
    VISTO CORPORATION             *    Civil Docket No.
 3                                *    2:03-CV-333
    VS.                           *    Marshall, Texas
 4                                *
                                  *    April 25, 2006
 5  SEVEN NETWORKS, INC.          *    8:10 A.M.
 6                       TRANSCRIPT OF TRIAL
                  BEFORE THE HONORABLE T. JOHN WARD
 7                 UNITED STATES DISTRICT JUDGE
                            AND A JURY
 8  APPEARANCES:
 9  FOR THE PLAINTIFFS: MR. SAM BAXTER
                        MR. THEODORE STEVENSON
10                      MR. GARY KITCHEN
                     McKool-Smith
11                      505 East Travis Street, Suite 105
                        Marshall, TX   75670
12                      MR. RONALD KATZ
                        MR. ROBERT BECKER
13                      Manatt, Phelps & Phillips
                        1001 Page Mill Road, Building 2
14                      Palo Alto, CA   94304
15  FOR THE DEFENDANTS: MR. HENRY BUNSOW
                        Howrey, LLP
16                      525 Market Street, Suite 3600
                        San Francisco, CA   94105
17                      MR. JAMES PISTORINO
                        Howrey, LLP
18                      1950 University Avenue, 4th Floor
                        East Palo Alto, CA   94303
19                      MR. CALVIN CAPSHAW
                        Brown-McCarroll
20                      1127 Judson Road, Suite 220
                        Longview, TX   75606
21
22  COURT REPORTERS:    MS. SUSAN SIMMONS, CSR
                        MS. JUDITH WERLINGER, CSE
23                      Official Court Reporter
                        100 East Houston, Suite 125
24                      Marshall, TX   75670
                        903/935-3868
25  (Proceedings recorded by mechanical stenography,
    transcript produced on CAT system.)
```

Page 58

1  Smartphone?
2      A.   Yes, sir.
3      Q.   Okay.  An encrypted message cannot be
4  modified, can it?
5      A.   No, it cannot, sir.
6      Q.   Okay.  Now, let's talk about Smartphone, a
7  telephone device that integrates computing capabilities
8  and telephone capabilities.
9           There's nothing new about that
10 definition, is there?
11     A.   Well, that's the Court's definition, sir.
12     Q.   Well, but that describes devices that have
13 been around for 30 years, 40 years?
14     A.   No, sir.
15     Q.   You know what a modem is?
16     A.   Yes, sir.
17     Q.   Is it your testimony that a modem is not a
18 telephone device that -- I see we've got a typo where we
19 have that twice.
20          The Court did not make that mistake.
21 That's my mistake, isn't it?  You see where it says that
22 twice?
23     A.   What does it say twice, sir?
24     Q.   Look at the first line.  It says a telephone
25 device that that.

Page 59

1      A.   Oh.  That is a typo.
2      Q.   I just want to be clear; that's my mistake.
3      A.   I don't know.  I don't know if it was in the
4  Markman ruling, sir.
5      Q.   So does a modem meet that definition or not,
6  sir?
7      A.   No, sir.
8      Q.   A modem is short for modulator and
9  demodulator; is that correct?
10     A.   That's correct, sir.
11     Q.   So what a modem does is it gets a signal off
12 a telephone line, right?
13     A.   Well, you can put it on the telephone line as
14 well.  It works on both ends.
15     Q.   Either way.  So a modem works with a
16 telephone, with a telephone network, right?
17     A.   That's correct, sir.
18     Q.   Okay.  So even though it works with a
19 telephone network, you're saying it's not a telephone
20 device?
21     A.   That's correct, sir.
22     Q.   Now, you did your own work by getting a
23 version of the System SEVEN, correct, sir?
24     A.   Yes, sir.
25     Q.   Which edition did you get, sir?

Page 60

1      A.   Personal Edition.
2      Q.   You got that Personal Edition using a false
3  name, right?
4      A.   No, sir.
5      Q.   What name did you use when you got that
6  Personal Edition?
7      A.   I didn't get the Personal Edition, sir.  It
8  was provided to me by the Manatt staff.
9      Q.   You saw the clip of your deposition that I
10 played in the opening statement, right?
11     A.   That's correct, sir.
12     Q.   And you said in that deposition that you got
13 a copy from Sprint of the Personal Edition using the
14 false name of John Doe.  That's what you said in your
15 deposition, isn't it?
16     A.   I think I have to clarify that that was the
17 account name I set up, sir.
18     Q.   Did you tell System SEVEN you were doing
19 that?
20     A.   No, sir.
21     Q.   So then you used the Personal Edition to
22 educate yourself on how the Personal Edition works,
23 right?
24     A.   Yes, sir.
25     Q.   Did you ever get a version or did you ever

Page 61

1  get the Server Edition?
2      A.   No, sir.
3      Q.   Did you ever get the Enterprise Edition?
4      A.   No, sir.
5      Q.   You have no personal experience working with
6  two of the three products in this case; isn't that true?
7      A.   That is correct, sir.
8      Q.   Now, when you used the Personal Edition, what
9  did you use as the remote terminal?
10     A.   I tried two different remote terminals, a
11 Treo 650 and a PBC6600 from Sprint, sir.
12     Q.   SEVEN doesn't sell either one of those, do
13 they?
14     A.   I don't know.  I didn't -- I didn't buy them
15 from SEVEN.  I bought them from Sprint.
16     Q.   Now, you said yesterday at the end of your
17 testimony you have seen SEVEN advertising?
18     A.   Yes, sir.
19     Q.   Is that true; you've seen SEVEN advertising
20 since November of 2005?
21     A.   I should probably say I've seen Sprint
22 advertising.  I probably should specify --
23     Q.   Well, there's a difference there; wouldn't
24 you agree?
25     A.   Yes, sir.

```
                                         Page 178
 1
 2
 3           CERTIFICATION
 4
 5      I HEREBY CERTIFY that the foregoing is a true
 6   and correct transcript from the stenographic notes of
 7   the proceedings in the above-entitled matter to the best
 8   of my ability.
 9
10
11
12   _____        _____
     SUSAN SIMMONS, CSR              Date
13   Official Court Reporter
     State of Texas No.: 267
14   Expiration Date: 12/31/06
15
16
17   _____         _____
     JUDITH WERLINGER, CSR           Date
18   Deputy Official Court Reporter
     State of Texas No.: 731
19   Expiration Date 12/31/06
20
21
22
23
24
25
```