**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| VISTO CORP., | § | |
| | § | |
| vs. | § | CASE NO. 2:06-CV-39-TJW |
| | § | |
| GOOD TECHNOLOGY, INC., | § | |

**MEMORANDUM ORDER**

Before the court is the defendant's motion (#27) to stay the case pending *ex parte* reexamination. For the reasons described below, the court denies the defendant's motion (#27) to stay.

**1.     Introduction**

Visto Corp. ("Visto") filed suit on January 30, 2006, against the defendant Good Technology, Inc. ("Good") for infringement of U.S. Patent Nos. 6,085,192[1] ("the '192 patent"), 6,151,606 ("the '606 patent"), 6,708,221 ("the '221 patent"), and 7,039,679 ("the '679 patent") (collectively, "the patents-in-suit"). Since the inception of this litigation, an *ex parte* reexamination proceeding has been institution with respect to each of the patents-in-suit. All such reexamination proceedings have been instituted by Research In Motion ("RIM"), a party in a separate action[2] involving the same patents at issue in this case.

---

[1]     The '192 patent was amended via Reexamination Certificate on November 22, 2005.

[2]     Visto Corp. v. Research In Motion, Ltd., No. 2:06-CV-181 (E.D. Tex. filed April 28, 2006).

**2.    Discussion**

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citations omitted). Management of the Court's docket requires "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).

Courts typically consider three things when deciding whether to stay litigation pending reexamination: "(1) whether a stay will unduly prejudice or present a clear tactical advantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC*, 356 F. Supp. 2d at 662 (citation omitted).

  **A.    *Prejudice and Tactical Advantage***

Visto and Good are direct competitors. In addition, the U.S. Patent and Trademark Office ("PTO") has not provided any definitive guidance on the length of time required for the reexamination. Accordingly, the potential delay for an indefinite period would likely prejudice Visto. *See Ricoh Co., Ltd. v. Aeroflex, Inc.*, 2006 WL 3708069, *2 (N.D. Cal. Dec. 14, 2006); *Lexington Lasercomb I.P.A.G. v. GMR Products, Inc.*, 442 F. Supp. 2d 1277, 1278 (S.D. Fla. 2006). Furthermore, RIM likely filed the requests for reexamination in an effort to delay the companion lawsuit from going forward. This factor, therefore, weighs strongly against a stay.

  **B.    *Simplification of Case***

Although Good argues that the patent claims will likely materially change or cancel during reexamination, it is also likely that some claims will remain after the reexamination proceedings

have completed. For example, the '121 patent has already reissued from one reexamination proceeding, only to be sent back into another reexamination proceeding at the request of RIM. Accordingly, waiting for the completion of the reexamination proceedings may only simplify the case to a limited degree. This factor is speculative. Therefore it does not support a stay.

### C. *Stage of Proceedings*

The present motion was filed early in the case, and this factor would support a stay of proceedings.

### 3. Conclusion

The court has considered the competing interests and concludes that the interest in proceeding with this case outweighs any benefits from staying this case. Accordingly, the court exercises its discretion and denies the defendant's motion (#27) to stay pending reexamination.

SIGNED this 27th day of September, 2007.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE